**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MARLOWE LOWRY and WILLIAM LOWRY, | : : : |
| Plaintiffs, | : : |
| v. | : : |
| TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA TECHNICAL CENTER, U.S.A., INC., MICHELIN NORTH AMERICA, INC., MICHELIN RESEARCH & DEVELOPMENT CORP. AND NNEKA NEAVES, | : CIVIL ACTION NO. : 1:10-CV-2165-RWS : : : : : : : : : |
| Defendant. | : |

## **ORDER**

This case comes before the Court on Plaintiffs' Motion to Remand [20]. After considering the record, the Court enters the following Order.

### **Background**

This action is a personal injury tort action filed by the Lowrys against Defendant Neaves, the Toyota Defendants, and the Michelin Defendants. On May 20, 2009, Marlowe Lowry, driving a Toyota vehicle, was struck by

Neaves, after Neaves lost control of her vehicle.  Marlowe Lowry suffered catastrophic injuries as a result of the accident.  Plaintiffs allege that the accident was caused by the negligence of Neaves and product defects on the part of Toyota and Michelin.  Plaintiffs filed suit in the State Court of Clayton County, the county of residence of Defendant Neaves.

On July 13, 2010, the Toyota Defendants and the Michelin Defendants removed the action to this Court on the basis of federal diversity jurisdiction.  Toyota and Michelin allege that complete diversity exists because for the purposes of diversity, Neaves' citizenship is disregarded because she is a nominal party and has no real stake in the litigation.  Neaves did not join in the removal petition or state her assent to the removal on the record as otherwise required under 28 U.S.C. § 1446(a).  Again, Toyota and Michelin contend that she is a nominal party and therefore it is not necessary that she join the petition for removal.  Prior to filing this action in state court, Plaintiffs signed a "Limited Liability Release," releasing Neaves and her husband from all claims or causes of action belonging to the Lowrys arising out of the May 20, 2009 accident, except to the extent that other insurance coverage is available which covers claims of the Lowrys against the Neaves, in exchange for payment of $25,000 by the Neaves' automobile liability insurer.  Plaintiffs argue that

2

Neaves is not a nominal party, that complete diversity does not exist, and that the case should be remanded to state court.

## Discussion

The question the Court must answer is whether Neaves is a nominal party. If she is not, then the case must be remanded. "A removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enter. Rent a Car, 279 F.3d 967, 972. Therefore, Toyota and Michelin bear the burden of demonstrating that Neaves is a nominal party. One test for determining whether a party is nominal is "whether in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants Local 349, et. al., 427 F.2d 325, 327 (5th Cir. 1970) (punctuation and citation omitted). Toyota and Michelin urge the Court to make the nominal party determination based upon "practical considerations rather than legal formalities." (Dkt. [28] at 2 (punctuation and citation omitted)). For the reasons stated below, from a practical and legal perspective, Neaves is not a nominal party to this action.

While not an exhaustive list, Neaves is not a nominal party to this action because: (1) she is represented by counsel, has answered the Complaint, and has

3

AO 72A
(Rev.8/82)

denied liability for injuries caused in the accident; (2) pursuant to the decision in <u>Ramos-Silva v. State Farm Mutual Ins. Co.</u>, 300 Ga. App. 699, 686 S.E.2d 345 (Ga. Ct. App. 2009), Neaves is subject to liability to any insurer that pays money to the Lowrys as part of uninsured motorist coverage; (3) Toyota and Michelin claim that she is responsible for Marlowe Lowry's injuries and will likely argue as much at trial as a defense to Plaintiffs' claims against them; and (4) pursuant to O.C.G.A. § 51-12-33, a jury must apportion damages amongst all parties that it finds liable for the Plaintiffs' injuries, and therefore Neaves will appear on the verdict form.  Removal of this action from the state court was not proper and the action should remanded.

## Conclusion

For the aforementioned reasons, Plaintiffs' Motion to Remand [20] is **GRANTED**.  The case is **REMANDED** to the State Court of Clayton County, Georgia.  Because the Court finds there was an objectively reasonable basis for removal, the Court will deny Plaintiff's request for attorneys' fees and expenses.

**SO ORDERED**, this  17th  day of December, 2010.


_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)